## The People, *ex rel.* Platner, *vs.* Jones.

The statute of double pleading, (2 *R. S.* 352, § 9,) does not apply to a proceeding by informa‑ tion in nature of a *quo warranto*; a defendant, therefore, in such a case is entitled to but one plea.

The provisions of 2 *R. S.* 581, *et seq.,* concerning informations, do not change their character from criminal to merely civil proceedings, so as to bring them within the meaning of the term *action,* as used in the statute of double pleading.

· Whether the statute of double pleading would apply to the proceeding by suggestion to recover damages after judgment of ouster, *quere.*

Pleading to an information in nature of a *quo warranto.* An information with two parts having been filed‑ charging the defendant with intrusion into the office of constable of the town of Cherry Valley, Otsego county, and showing title · to the office in the relator, the defendant pleaded four pleas, as if by leave of the court, under the statute of double pleading. (2 *R. S.* 352, § 9.)

A motion was now made that all the pleas except the first, or such other one as the defendant's attorneys or counsel might elect, be stricken out.

*S. Beardsley,* attorney‑general, in support of the motion, referred to 4 *Cowen's Rep.* 113, *note, and the cases there cited,* as showing clearly that the general statute of double pleading did not extend to this case. He said we still have no statute authorizing double pleas in a case of this kind.

[602] *M. T. Reynolds & L. Beardsley,* contra, contended that whatever might have been the rule previous to 1830, the act then passed concerning an in‑ formation of this kind, (2 *R. S.* 581,) had conferred upon it the character of a mere civil proceeding, and brought it within the meaning of the word *action* as used in the statute of double pleading. They referred to several sections of the former act, espe‑ cially § 30, 37, 38, *and* 46 ; they also cited *The People* v. *Clark,* (4 *Cowen's Rep.* 95.)

*By the Court,* Cowen, J. The motion must be granted. The common law rule of pleading still‑ prevails in respect to informations in nature of a *quo warranto.* Double pleading is confined to *actions* strictly so called. It was not denied on the argument, nor can it be, that the statute, 4 *Ann. ch.* 16, from which 1 *R. L.* 519, § 9, was taken, and which was carried into 2 *R. S.* 352, § 9, had never been extended by equitable construction to these informations ; although it is agreed by the books that they are, in usual effect, but civil remedies. The form is criminal. (4 *Cowen's Rep.* 102, *note, and the authorities there cited.*) In that note, ranging from *p.* 101 *to* 123, and giving a detail of the proceedings upon authority, as far as I was able to collect it at the time, we find almost everything except form to verify this remark ; and to that may be added *The People* v. *Clark,* (4· *Cowen's Rep.* 95,) which held that this proceeding was comprehended in our general rules, regulating the time and manner of pleading, amending, &c. All this was while it retained its ancient characteristics, excepting a few slight alterations merely formal. An instance, is the statute, 1 *R. L* 108, 109, § 5, 6, declaring the form of the judgment for the people, and giving execution for costs. Nor do I perceive that the Revised Statutes of 1830, to which we are referred by counsel, has done anything more—that in this case and some others, the information may be filed of course by the attorney‑general, that it may be followed by the ordinary process of *capias ad responden‑ dum,* and the defendant be held to bail under an order, or his appearance be entered, (*see* § 28, 29, 30, *in* 2 *R. S.* 581, 582,) are the changes [603] mainly relied upon. Judgment may also be given upon the conflicting claims of the parties, relator and defendant, the one ousted, and the other restored, where a proper case is presented. (2 *R. S.* 582, § 30, 31.) By *The People* v. *Richardson,* (4. *Cowen's Rep.* 97,) the profession were admonished that they must go back, in conducting the suit, to several antiquated forms and un‑ settled modes of proceeding, which by many had been supposed obsolete ; and this was especially so in respect to original and final process. By the Revised Statutes the ancient niceties in the mode of compelling an appearance are re‑

The People v. Jones.

moved, the judgment enlarged and simplified, and the writ of seizure dispensed with. (*See* 2 *R. S.* 582, § 32, 33.) The fine is, however, retained, and may, in the discretion of the court, be imposed to any extent not exceeding two thousand dollars; not by way of private compensation, but as a penalty payable into the state treasury. (2 *R. S.* 585, § 48.) So far as these alterations are substantial, I confess they appear to me to render the proceedings rather more comprehensive, prompt, and rigorous than they were under the former practice; and therefore, their criminal aspect, so far from being softened into the milder features of a civil action, seems to be rendered more distinct. *The People* v. *The President, &c., of the Manhattan Co.*, (9 *Wendell*, 377,) was a case upon one of these informations, filed since the Revised Statutes took effect. Yet Sutherland, J., agreed that the statute of double pleading did not apply; and said that the proceeding was in nature of a criminal case. He denied application to the statute allowing double replications, (2 *R. S.* 356, § 27,) and referred the attorney-general's right of replying in that way to the common law.

Thus far the prosecution aims at the double object of settling the conflicting claims of individuals, and punishing the usurpation by a fine. There is now an end of the matter so far as the people are concerned, and I confess we are furnished with a consequential proceeding by the Revised Statutes, (*vol.* 2, *p.* 582, § 34, *et seq.*,) which cannot be distinguished from an action strictly private, by anything, unless it be the mere name. The judgment may be, as we have seen, not only that the defendant be ousted, but that the relator be [604] substituted; and in the principal case, as well as in several others, wherein this information lies, the defendant may have been in the receipt of fees which, at common law, would now form the subject of an action for money had and received. In order to save the expense and delay of an original action, the information may be so framed, and it is so in this case, as to warrant a direct adjudication in favor of the relator's right; and upon the strength of this, he may as a matter of course take the oath, and on giving security, if that be required, enter upon the duties of his office. (2 *R. S.* 582, § 32.) He may then file a suggestion, in nature of a declaration for the fees due from the defendant, to which the latter may plead. A trial may be had, and judgment and execution may follow, after a series of proceedings to be conducted in as nearly the same manner as on a suggestion for mesne profits, consequent to a recovery in ejectment.

The counsel very correctly spoke of this latter proceeding as an action in every sense. But I do not see that they were warranted in urging that as an argument for the right to plead double to the information, any more than they would have been before the statute, in presenting for the same purpose the right to an action for money had and received. We have not yet come to that stage of the proceeding; and although I do not perceive that the statute of double pleading could then be withholden, I have to answer with the attorney-general that a decision on the point would at present be out of the case.

I can only regret that by rejecting double pleading, an injury might possibly arise in a case like the one presented by these pleas. The defendant assumes two distinct titles to the office of constable; one upon an ordinary election, and another as holding over upon a former election in the place of the relator, who had been chosen as his successor, but had refused to serve. Without saying that either title as pleaded here is good, a like case may be supposed, in which, to avoid a formal slip, if nothing more, the right to introduce both defences would subserve the ends of justice. Double pleading is allowed in Eng- [605] land. (*Stat.* 32, *Geo.* 3, *ch.* 58, § 2.) This statute is recited in a note to *Rex* v. *Autridge*, (8 *T. R.* 467,) and construed in *Rex* v. *Stokes*, (2 *Maule & Selw.* 71.)

The defendant may, if he prefer it, elect to withdraw all his pleas, neither of which taken separately seems to be a full and formal answer to the whole information, and plead a single plea covering the title both of the relator and himself.

Rule accordingly.